IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

William Parker, )
    Plaintiff, )
  )
v. ) 1:12cv939 (TSE/JFA)
  )
Howard Gwynn, et al., )
    Defendants. )

MEMORANDUM OPINION

William Parker, currently a North Carolina inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that he was falsely accused of sexually abusing and engaging in sodomy with a minor. Plaintiff has submitted an application to proceed in forma pauperis in this lawsuit. By Order dated September 19, 2012, plaintiff was instructed to show cause why the complaint should not be dismissed as barred by the statute of limitations or why plaintiff is entitled to equitable tolling. Plaintiff responded to the Order on November 15, 2012. Because plaintiff has failed to show cause why the complaint should not be time-barred, the claim against the defendants must be dismissed pursuant to 28 U.S.C. § 1915A,[1] and plaintiff's motion to proceed in forma pauperis must be denied, as moot.

---

[1] Section 1915A provides:

>  (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>  (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>      (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>      (2) seeks monetary relief from a defendant who is immune from such relief.

1

## I. Background

In the Complaint, plaintiff alleges that on November 13, 2001, in the Circuit Court for the City of Newport News, "Linda A. Gaddis, Newport News Police Department, falsely accuse I [sic] the Plaintiff" of attempting to engage a minor in anal intercourse and of sexually abusing a minor. Comp. 5, ECF No. 1. Plaintiff also claims that Assistant Commonwealth Attorney Ruth Giffin falsely accused him of the same crimes.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .", id. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484–86 (1980)).

While the limitation period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). Causes of action accrue under federal law when the plaintiff is "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122–24 (1979).

Petitioner has not established that this action should not be dismissed as barred by the two-year statute of limitations or that he is entitled to equitable tolling. As an exhibit to the

complaint, plaintiff submitted a copy of the arrest warrant, which was executed on August 7, 2001. Compl. Ex. 1, ECF No. 1-3. Plaintiff also submitted a copy of the indictment, dated November 13, 2001. Comp. Ex. 2, ECF No. 1-4. Under these circumstances, according to his own allegations, plaintiff possessed sufficient facts about the harm allegedly done to him that reasonable inquiry would have revealed his cause of action against these defendants at the latest on November 13, 2001. Therefore, his cause of action accrued at that time. Nasim, 64 F.3d at 955. The instant complaint was not filed until August 9, 2012.[2] Since, by then, over eleven years had elapsed since plaintiff's cause of action had accrued, his claim is time-barred.

In response to the Court's Order to show cause that this action should not be barred, plaintiff claims that proceedings surrounding his pending criminal cases in Virginia and North Carolina, the need to prepare for the trials in the criminal case, and alleged probation violation proceedings between 2007 and 2011 led to him being unable to prepare and to timely file his § 1983 complaint. Resp. 8–9, ECF No. 9. As presented, the facts surrounding the sodomy and sexual abuse charges are difficult to follow, but plaintiff appears to claim that "the charges were pending in Virginia on October 27th, 2005." Plaintiff states that he has "alway [sic] been in the process to clear my name from the slander and defamation of character from the State of Virginia and the State of North Carolina . . . ." Id. at 11. Plaintiff has failed to show exceptional circumstances that would entitle him to equitable tolling of the statute of limitations. Therefore, plaintiff's complaint is must be dismissed for failure to state a claim for which relief can be granted.

---

[2] A pleading filed by an unrepresented prisoners is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991).

## IV. Conclusion

For the above-stated reasons, this action must be dismissed pursuant to 28 U.S.C. § 1915A, and plaintiff's motion to proceed in forma pauperis must be denied, as moot. An appropriate order shall issue.

Entered this 26th day of November 2012.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia